ALEX G. TSE (CABN 152348)
Acting United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division
COLIN C. SAMPSON (CABN 249784)
Assistant United States Attorney

 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102-3495
 Telephone: (415) 436-7020
 Facsimile: (415) 436-7009

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> v.<br><br>ALFRED F. HARDING, also known as RICK HARDING; CHERYL HADRING, Individually and as TRUSTEE of the CHERYL HARDING LIVING TRUST; and STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>  Defendants. | No. 1:18-cv-01652<br><br>UNITED STATES' COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT, TO DETERMINE NOMINEE STATUS, TO SET ASIDE FRAUDULENT TRANSFERS, <u>AND TO FORECLOSE FEDERAL TAX LIENS</u> |

  Plaintiff, The United States of America (hereafter, "the United States"), by and through its undersigned counsel, and complains and alleges as follows:

### I.  <u>JURISDICTION AND VENUE</u>

  1.  This is a civil action brought by the United States to (a) reduce to judgment outstanding federal tax assessments against defendant Alfred F. Harding, individually; (b) to adjudicate that Defendant Cheryl Harding, individually and as Trustee of the Cheryl Harding Living Trust, is a nominee and fraudulent transferee of Alfred F. Harding; and (c) to foreclose federal tax liens against two parcels

of real property in Humboldt County.

2.      This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402 and 7403(a), at the direction of the Attorney General of the United States, with the authorization and sanction, and at the request of the Division Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3.      Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345, and under 26 U.S.C. §§ 7402(a) and (e) and 7403.

4.      Pursuant to 28 U.S.C. §§ 84, 1391 and 1396, venue is proper in the Northern District of California because Defendants Alfred F. Harding and Cheryl Harding reside in Humboldt County, California, which is within the Northern District of California, and because the tax liabilities arose in the Northern District of California.

## II.      IDENTIFICATION OF DEFENDANTS

5.      Defendant Alfred F. Harding currently resides at 6699 Rhonerville Road, Hydesville, California 95547.  Defendant Alfred F. Harding operated a sole proprietorship called "Blazer Logging." Defendant Alfred F. Harding also uses the alias "Rick Harding."

6.      Defendant Alfred F. Harding is the owner of Capital Investments Trust, a fictitious entity that Harding has used to hold bare legal title to properties that he owns outside of the Northern District of California.

7.      Defendant Cheryl Harding currently resides at 6699 Rhonerville Road, Hydesville, California 95547.

8.      Defendant Cheryl Harding is the Trustee of the Cheryl Harding Living Trust. The Cheryl Harding Living Trust has never filed any federal tax returns.

9.      Defendants Alfred F. Harding and Cheryl Harding were married from June 22, 1975 until at least July 27, 2004.

10.      Defendant Cheryl Harding created the Cheryl Harding Living Trust.

11.      Defendant Cheryl Harding, as Trustee of the Cheryl Harding Living Trust, is made a party pursuant to 26 U.S.C. § 7403(b) because she may claim some right, title, or interest in the real properties that are the subject of this action by virtue of the purported title of two Humboldt County real

properties described below.

12.     Defendant State of California Franchise Tax Board is made a party pursuant to 26 U.S.C.
§ 7403(b) because it may claim some right, title, or interest in the real properties that are the subject of this action.

### III.     IDENTIFICATION OF PROPERTY SOUGHT TO BE FORECLOSED

13.     A parcel of property which is the subject of this suit is located at 6699 Rohnerville Rd., Hydesville, CA 95547, and is described in the office of the County Recorder of Humboldt County, California, as follows:

PARCEL ONE

Parcel 2 of Parcel Map No. 2475, as per nap recorded in Book 22, pages 28 and 29 of Parcel Maps, Humboldt County Records.

PARCEL TWO

A non-exclusive easement for ingress, egress and public utility purposes over those portions ,of Parcels 1, 3 and 4 of said Parcel Map N.o. 2475, which lie within Parcel "A" as shown thereon.

PARCEL THREE

A non-exclusive easement for a pipeline, 10 feet in width, the Easterly line of which is the Easterly line of said Parcel 3, and a portion of Parcel 4, being shown as Parcel "D" on said Parcel Map No. 2475.

PARCEL FOUR

A non-exclusive easement for ingress and egress and incidental purposes, the exterior boundaries of which are described as follows:

BEGINNING at a point in the center line of Dalitz Drive in the Line dividing Parcel 2 and Parcel 3 as said line and said parcels are Shown upon that certain Parcel Map filed for record in Book 22 of Parcel Maps, page 29, Official Humboldt County Records;
thence along the arc of a curve to the right from a tangent bearing North 71 degrees 34 minutes 44 seconds West; with a radius of 380 feet through a central angle of 26 degrees 59 minutes 44 seconds, a distance of 179. 04 feet;
thence North 44 degrees 35 minutes West, 33 .18 feet;
thence radially North 45 degrees 25 minutes East, 20.00 feet to a beginning of curve and the true point of beginning of the herein described easement;
thence along the Southerly southerly boundary of said easement, the arc of a curve to the right, from a tangent bearing North 44 degrees 35 minutes West, with a radius of 25.00 feet, through a central angle of 123 degrees 23 minutes 44 seconds, a distance of 53.8 feet;
thence along the Southerly line of said easement, North 78 degrees

48 minutes 44 seconds East, 95. 44 feet;
thence North 71 degrees 0 l minute 43 seconds East, 72. 69 feet to the Southerly line of Dalitz Drive, as shown in Book 22 of Parcel Maps, page 29, Official Humboldt County Records;
thence in a Northwesterly direction, along the South line of Dalitz Drive, to an angle point;
thence South 81 degrees 05 minutes West, 160.86 feet along the South line of Dalitz Drive to a curve to the left;
thence along the arc of the curve, with a radius of 40 feet and a length of 87.73 feet to the true point of beginning.

PARCEL FIVE

A non-exclusive easement for ingress and egress and incidental Purposes, over Parcel 1 of said Parcel Map No. 2475, described as follows:

BEGINNING at a point in Dalitz Drive at the intersection of the Lines dividing Parcel 1, Parcel 2 and Parcel 4, a said lines and said Parcels are shown upon that certain Parcel Map filed for record in Book 22 of Parcel Maps, page 29, Official Humboldt County Records;
Thence North 19 degrees 25 minutes West, 20.34 feet;
Thence North 81 degrees 05 minutes East, 23.28 feet to the Easterly 1ine of Dalitz Drive, as shown in Book 22 of Parcel Maps, Page 29, Official Humboldt County Records, and the true point of beginning of the herein described easement;
thence North 71 degrees 01 minute 43 seconds East, 42.05 feet;
thence South 18 degrees 58 minutes 17 seconds East, 40.00 feet;
tbence south 71 degrees 01 minute 43 seconds West, 25.00 feet to the Northeasterly line of Dalitz Drive;
thence Northwesterly along the Northeasterly line to the point of beginning.

APN 204-152-068-000.

14.     On or about July 24, 1998, Defendants Alfred F. Harding and Cheryl Harding acquired the Subject Real Property described in Paragraph 13, above ("the Hydesville Property"), as joint tenants.

15.     On or about December 30, 2004, Defendant Alfred F. Harding transferred his interest in the Hydesville Property to Cheryl Harding.

16.     The December 30, 2004 transfer of the Hydesville Property was for inadequate consideration.

17.     On or about July 23, 2009, Defendant Cheryl Harding transferred the Hydesville Property to the Cheryl Harding Living Trust.

18.     The July 23, 2009 transfer of the Hydesville Property was for inadequate consideration.

19.     A second parcel of real property which is the subject of this suit is located at 406 Thunder Mountain Lane, Orleans, CA 95556, and is described in the office of the County Recorder of Humboldt County, California, as follows:

> The real property in the County of Humboldt, State of California described as:
>
> Parcel Two: A non-exclusive easement for ingress, egress and public utilities in and over a strip of land 25 feet in width, the Westerly line of Parcel 1 shown on said Parcel Map No. 1268.
>
> With all appurtenances, subject to covenants, easements and restrictions of record.
>
> Commonly known as 406 Thunder Mt Lane, Orleans, CA 95556
>
> APN 529-371-025-000.

20.     On or about August 31, 1984, Defendants Alfred F. Harding and Cheryl Harding acquired the Subject Real Property described in Paragraph 19 ("the Orleans Property"), above, as joint tenants.

21.     On or about December 6, 2005, Defendant Alfred F. Harding transferred his interest in the Orleans Property to Cheryl Harding.

22.     The December 6, 2005 transfer of the Orleans Property was for inadequate consideration.

23.     On or about July 23, 2009, Defendant Cheryl Harding transferred the Orleans Property to the Cheryl Harding Living Trust.

24.     The July 23, 2009 transfer of the Orleans Property was for inadequate consideration.

IV.     COUNT ONE:
REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT

25.     The United States realleges the allegations in Paragraphs 1 through 24 above, as if fully set forth herein.

26.     A delegate of the Secretary of the Treasury made timely assessments against Defendant

Alfred F. Harding for unpaid federal income taxes (Form 1040), penalties, and interest for the years

2002 through 2013 as set forth below:

| KIND OF TAX | TAX PERIOD | FIRST ASSESSMENT DATE | LIEN RECORDING DATE(S) | UNPAID BALANCE OF ASSESSMENTS AS OF 2/29/2018 |
|---|---|---|---|---|
| Separate Income (1040) | 2002 | 3/16/2009 | 01/05/2010 (Humboldt County) | $ 515,477.04 |
| Separate Income (1040) | 2003 | 3/17/2008 | 01/05/2010 (Humboldt County) | $ 639,707.29 |
| Separate Income (1040) | 2004 | 3/17/2008 | 01/05/2010 (Humboldt County) | $ 798,102.37 |
| Separate Income (1040) | 2005 | 3/16/2009 | 01/05/2010 (Humboldt County) | $ 449,701.21 |
| Separate Income (1040) | 2006 | 9/14/2009 | 01/05/2010 (Humboldt County) | $ 372,337.06 |
| Separate Income (1040) | 2007 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 150,291.08 |
| Separate Income (1040) | 2008 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 918,265.15 |
| Separate Income (1040) | 2009 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 241,630.95 |
| Separate Income (1040) | 2010 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 433,563.33 |
| Separate Income (1040) | 2011 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 365,829.03 |
| Separate Income (1040) | 2012 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 134,162.60 |
| Separate Income (1040) | 2013 | 3/14/2016 | 4/19/2016 (Humboldt County) | $ 693.80 |
| **Total** | | | | **$ 5,019,760.91** |

27.     Despite timely notice and demand for payment of the taxes, penalties, and interest

described in Paragraph 24, above, Defendant Alfred F. Harding has neglected, failed, or refused to pay

the taxes, penalties, and interest described in Paragraph 26, above, and there remains due and owing on

said assessments, as of February 29, 2018, the sum of $5,019,760.91, plus accrued interest and penalties

and other statutory additions as provided by law from February 29, 2018, minus any credits.

V.    COUNT TWO:
SET ASIDE FRAUDULENT TRANSFERS AND TO DETERMINE NOMINEE AND
FRAUDULENT TRANSFEREE STATUS OF THE CHERYL HARDING LIVING TRUST

28.     The United States realleges the allegations in Paragraphs 1 through 27 above, as if fully

set forth herein.

29.     Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States

upon all property and rights to property, whether real or personal, belonging to Defendant Alfred F. Harding as of the dates of the assessments described above in Paragraph 26.

30.     At all times pertinent herein, the Hydesville and Orleans Properties have been property belonging to Defendant Alfred Harding and Cheryl Harding as joint tenants, and only to them. Accordingly, the federal tax liens at issue attached to the Hydesville and Orleans Properties when the liens arose, and the tax liens have continued to attach to that real properties to the present without interruption.

31.     Cheryl Harding, as Trustee of the Cheryl Harding Living Trust, holds nominal title to the Subject Properties solely for the benefit of herself and Alfred F. Harding. Alfred F. Harding and Cheryl Harding have remained in continuous use, possession, and control of the Subject Properties and have enjoyed all burdens and benefits of ownership.  Cheryl Harding, as Trustee of the Cheryl Harding Living Trust, is a fraudulent transferee and a nominee of Alfred F. Harding with respect to his interest in the title and ownership of the Subject Properties.

32.     Cheryl Harding, as Trustee of the Cheryl Harding Living Trust, possesses at most an undivided one-half ownership interest in the Subject Properties.  Cheryl Harding's purpose in holding title to the Subject Properties was to conceal Alfred F. Harding's properties from the Internal Revenue Service.

33.     The transfers of the Subject Properties to Cheryl Harding, as described above, was intended by Alfred F. Harding and Cheryl Harding to hinder, delay or defraud the United States of America of present and future lawful taxes; therefore, the transfer was and is fraudulent and of no effect as to the United States.

34.     The transfers of the Subject Properties to Cheryl Harding as Trustee of the Cheryl Harding Living Trust, as described above, was intended by Alfred F. Harding and Cheryl Harding to hinder, delay or defraud the United States of America of present and future lawful taxes; therefore, the transfer was and is fraudulent and of no effect as to the United States

35.     The transfers of the Subject Properties described above was made without the exchange of reasonably equivalent value and left Alfred F. Harding with remaining assets which were unreasonably small or insufficient to pay his current and future debts, including his lawful tax liabilities;

therefore, the transfer was and is fraudulent and of no effect as to the United States.

36.     The transfers of the Subject Properties described above was made without the exchange of reasonably equivalent value and during a period when Alfred F. Harding intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they came due; therefore, the transfer was and is fraudulent and of no effect as to the United States.

37.     The transfers of the Subject Property described above was made without the exchange of reasonably equivalent value and rendered Alfred F. Harding and Cheryl Harding insolvent; therefore the transfer was and is fraudulent and of no effect as to the United States.

VI.     COUNT THREE:
FORECLOSE FEDERAL TAX LIENS AGAINST THE HYDESVILLE PROPERTY

38.     The United States realleges the allegations in Paragraphs 1 through 37 above, as if fully set forth herein.

39.     Pursuant to 26 U.S.C. § 6321 and 6322, liens arose in favor of the Plaintiff United States of America upon all property and rights to property, whether real or personal, belonging to Defendant Alfred F. Harding, as of the dates of the assessments described in Paragraph 25, above, or upon property acquired by him thereafter.

40.     On January 5, 2010, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien against Defendant Alfred F. Harding with the Humboldt County Recorder, with respect to unpaid federal income taxes for the 2002 through 2006 tax years.

41.     On July 18, 2013, a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Lien against Defendant Cheryl Harding, as Trustee of the Cheryl Harding Living Trust, as the nominee and fraudulent transferee of Alfred F. Harding with the Humboldt County Recorder, Document Number 2013-016807-4, with respect to unpaid federal income taxes of Alfred F. Harding for the 2002 through 2006 years.

42.     The Subject Property located at 6699 Rohnerville Rd., Hydesville, CA 95547, which is the subject of this suit, at all pertinent times has been owned by Defendants Alfred F. Harding and Cheryl Harding for purposes of the tax lien provisions of the Internal Revenue Code.  Accordingly, the

1   federal tax liens at issue attached to the Hydesville Property when the liens arose, and the tax liens have

2   continued to the present, without interruption, to attach to such property.

3                              VII.    COUNT FOUR:
4          FORECLOSE FEDERAL TAX LIENS AGAINST THE ORLEANS PROPERTY

5          43.    The United States realleges the allegations in Paragraphs 1 through 42 above, as if fully

6   set forth herein.

7          44.    The Subject Property located at 406 Thunder Mountain Lane, Orleans, CA 95556, which

8   is the subject of this suit, at all pertinent times has been owned by Defendants Alfred F. Harding and

9   Cheryl Harding for purposes of the tax lien provisions of the Internal Revenue Code.  Accordingly, the

10  federal tax liens at issue attached to the Orleans Property when the liens arose, and the tax liens have

11  continued to the present, without interruption, to attach to such property.

12                             VIII.   PRAYER FOR RELIEF

13         WHEREFORE, upon its allegations, plaintiff United States of America prays that:

14         1.     The Court determine and adjudge that Defendant Alfred F. Harding is indebted to the

15  United States, as of February 29, 2018, the sum of $5,019,760.91, plus interest and statutory additions

16  from February 29, 2018, as provided by law, for unpaid assessments of joint federal income tax

17  liabilities, as set forth in Paragraph 27, above;

18         2.     That this Court determine and adjudge that Defendant Cheryl Harding, individually and

19  as Trustee of the Cheryl Harding Living Trust, is the nominee and fraudulent transferee of Alfred F.

20  Harding with respect to his interest in such property, and as such, liens for the separate federal income

21  tax liabilities of Alfred F. Harding attach to property later transferred to Cheryl Harding, and that the

22  purported transfer of the Hydesville Property be set aside and title returned to Alfred F. Harding and

23  Cheryl Harding;

24         3.     That this Court determine and adjudge that Cheryl Harding, as Trustee of the Cheryl

25  Harding Living Trust holds, at most, a one-half undivided interest in the Hydesville Property;

26         4.     That the Quitclaim Deed recorded December 30, 2004 with respect to the Hydesville

27  Property be voided and expunged as fraudulently filed;

28

UNITED STATES' COMPLAINT,
*U.S. v. Harding, et al.*                        9

5.      That the Quitclaim Deed recorded July 23, 2009 with respect to the Hydesville Property be voided and expunged as fraudulently filed;

6.      The Court determine and adjudge that the United States has valid liens for unpaid federal income taxes of Defendant Alfred F. Harding against the real property located at 6699 Rohnerville Rd., Hydesville, CA 95547, for the sum of $5,019,760.91, plus interest and statutory additions from February 29, 2018, until paid, as provided by law;

7.      The Court Order the tax liens of Plaintiff United States of America be foreclosed against the Hydesville Property located at 6699 Rohnerville Rd., Hydesville, CA 95547;

8.      The Court order the sale of the Hydesville Property located at 6699 Rohnerville Rd., Hydesville, CA 95547, and the proceeds of said sale be distributed according to the lien priorities determined by the Court;

9.      That this Court determine and adjudge that Defendant Cheryl Harding, individually and as Trustee of the Cheryl Harding Living Trust, is the nominee and fraudulent transferee of Alfred F. Harding with respect to his interest in such property, and as such, liens for the separate federal income tax liabilities of Alfred F. Harding attach to property later transferred to Cheryl Harding, and that the purported transfer of the Orleans Property be set aside and title returned to Alfred F. Harding and Cheryl Harding;

10.      That this Court determine and adjudge that Cheryl Harding, as Trustee of the Cheryl Harding Living Trust holds, at most, a one-half undivided interest in the Orleans Property;

11.      That the Quitclaim Deed recorded December 6, 2005 with respect to the Orleans Property be voided and expunged as fraudulently filed;

12.      That the Quitclaim Deed recorded July 23, 2009 with respect to the Orleans Property be voided and expunged as fraudulently filed;

13.      The Court determine and adjudge that the United States has valid liens for unpaid federal income taxes of Defendant Alfred F. Harding against the real property located at 406 Thunder Mountain Lane, Orleans, CA 95556, for the sum of $5,019,760.91, plus interest and statutory additions from February 29, 2018, until paid, as provided by law;

14.      The Court Order the tax liens of Plaintiff United States of America be foreclosed against

1  the Orleans Property located at 406 Thunder Mountain Lane, Orleans, CA 95556;

2        15.     The Court order the sale of the Orleans Property located at 406 Thunder Mountain Lane,

3  Orleans, CA 95556, and the proceeds of said sale be distributed according to the lien priorities

4  determined by the Court;

5        16.     If the amounts distributed to the United States pursuant to the sale of the Subject

6  Properties are insufficient to satisfy fully the above-described tax liabilities, Plaintiff United States of

7  America have judgment for the deficiency against Defendant Alfred F. Harding;

8        17.     Plaintiff United States of America be granted its costs of suit and attorneys' fees.

9

10            ALEX G. TSE
          Acting United States Attorney

11

12            */s/ Colin Sampson*
          COLIN C. SAMPSON

13            Assistant United States Attorney
          Tax Division

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44   (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
COLIN SAMPSON, AUSA, TAX DIVISION
450 Golden Gate Ave, 11th Floor, Box 36055
San Francisco, CA 94102 tel: 415-436-7020

## DEFENDANTS

Alfred F. Harding; Cheryl Harding, Individually and as Trustee of the Cheryl Harding Living Trust; and State of California Franchise Tax Board

County of Residence of First Listed Defendant ___Humboldt___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                             *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☒ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Sec. 7402
Brief description of cause:
Reduce Assessments to Judgment, Set Aside Fraudulent Transfers, Determine Sham and Nominee, Foreclose

## VII. REQUESTED IN
COMPLAINT:

☐   CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,019,760.91

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/15/2018

SIGNATURE OF ATTORNEY OF RECORD
*Colin Sampson*

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)*   ☐ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☒ EUREKA