UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED HARDING, et al.,<br><br>Defendants. | Case No. 18-cv-01652-SI<br><br>**ORDER RE DEFENDANT ALFRED HARDING'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 44 |

Before the Court is defendant Alfred Harding's motion to set aside the entries of default against him. Dkt. No. 44. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for August 9, 2019. The Court DENIES defendant's motion.

**BACKGROUND**

The government filed its complaint against Mr. Harding on March 15, 2018 and served him with the complaint and summons on March 22, 2018. Dkt. Nos. 1, 10. Mr. Harding's answer was due on April 12, 2018. Mr. Harding did not file an answer or otherwise respond to the complaint by the April 12, 2018 deadline. The government moved an entry of default on April 17, 2018.[1] Dkt. No. 16. On April 18, 2018, the clerk entered a default against Mr. Harding. Dkt. Nos. 17, 18. The

---

[1] The government first moved for entry of default judgment from the clerk. Dkt. No. 11, 4/16/18. The Clerk declined that request, as no default had been entered. Dkt. No. 15.

1 instant motion, filed over a year later, is the first time Mr. Harding has sought to set aside the default
2 judgment.

3     During the 15 months between entry of the judgment and Mr. Harding's present motion, the government was in contact with Mr. Harding numerous times, including by phone, email, and in person for his deposition on May 20, 2019. Dkt. No. 45 at 2. Mr. Harding was repeatedly informed by the government that he is in default. *Id*. Mr. Harding also went so far as to come to the courthouse on June 28, 2019,the day a settlement conference was held before Judge Laporte, *id*. at 3, but he did not go inside to attend the settlement conference. *Id*.

## LEGAL STANDARD

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court considers three factors in determining if good cause exists: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgement would prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). The Court may deny a motion to set aside a default if any one of the three factors is present. *Id*. However, "[a]s a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009)

## DISCUSSION

Mr. Harding admits he "received court pages saying [he] was in default but not how to rectify the two defaults on April 18, 2018 and July 30, 2018." Dkt. No. 44. Not only did he receive these papers, he was in contact with the government via email, phone, and in person during which the government informed him of his default status. Dkt. No. 45 at 2. Mr. Harding does not provide any explanation why he waited over a year to contest the default entered against him. Rather, he argues that he "had no counsel" and that "[i]t should be the duty of the court to tell, notify (sic) the defendant what should be done to rectify the situation." Dkt. No. 44 at 2. Neither argument is persuasive. Nor does Mr. Harding provide any reason to reopen the discovery process (of which he was aware

and in which he recalcitrantly participated).[2]  The Court finds that the motion is interposed solely for the purposes of delay and is not meritorious.

The Court finds that Mr. Harding's default was solely his own choice.  He has not suggested that he has any meritorious defense, and the Court is aware of none.   As such, good cause does not exist to set aside the default and Mr. Harding's motion is DENIED

**IT IS SO ORDERED**.

Dated: July 17, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[2] The government does not oppose setting aside the default, but does oppose reopening discovery.