UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED HARDING, et al.,<br><br>Defendants. | Case No. 18-cv-01652-SI<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST ALFRED HARDING AND THE CALIFORNIA FRANCHISE TAX BOARD**<br><br>Re: Dkt. No. 48 |

On September 18, 2019, plaintiff United States filed the instant motion, seeking entry of default judgment against defendants Alfred Harding and the California Franchise Tax Board. On November 8, 2019, the Court held a hearing on the motion. Although plaintiff's counsel attended telephonically, defendants failed to appear and the matter was submitted on the papers. For the reasons set forth below, the Court GRANTS plaintiff United States' motion for entry of default judgment against defendants Alfred Harding and the California Franchise Tax Board.

**BACKGROUND**

On March 15, 2008, the government filed the instant action against defendants Alfred Harding, Cheryl Harding, and the California Franchise Tax Board ("Board"). Dkt. No. 1 (Compl.). The government seeks $5,402,042.51,[1] plus interest, penalties, and statutory additions, in unpaid joint federal income taxes. *Id.* at 9:14–17. In the compliant, the government sought to foreclose tax

---

[1] In the complaint, the government originally sought $5,019,760.91 – Mr. Harding's liability as of February 2018. Compl. at 6:20–22. The government later updated the amount to $5,402,042.51, to reflect Mr. Harding's alleged liability as of July 31, 2019. Mot. Default J. at 3:20–22.

liens on two parcels of real property owned by Cheryl Harding. *Id*. at 10:12–17. However, the United States no longer seeks to foreclose on the tax liens, since it settled those claims with Ms. Harding, who owns the attached property. Mot. Default J. at 2:23–24. The government named the Board as a defendant out of an abundance of caution, to prevent the Board from claiming an interest in the attached property. *Id*. at 3:2–4.

The government alleges Mr. Harding failed to timely file income tax returns and to pay income taxes for the years 2002 through 2013, inclusive, as follows:

| KIND OF TAX | TAX PERIOD | FIRST ASSESSMENT DATE | LIEN RECORDING DATE(S) | UNPAID BALANCE OF ASSESSMENTS AS OF 7/31/2019 |
|---|---|---|---|---|
| Separate Income (1040) | 2002 | 3/16/2009 | 01/05/2010 (Humboldt County) | $556,302.67 |
| Separate Income (1040) | 2003 | 3/17/2008 | 01/05/2010 (Humboldt County) | $679,186.22 |
| Separate Income (1040) | 2004 | 3/17/2008 | 01/05/2010 (Humboldt County) | $860,316.08 |
| Separate Income (1040) | 2005 | 3/16/2009 | 01/05/2010 (Humboldt County) | $486,179.83 |
| Separate Income (1040) | 2006 | 9/14/2009 | 01/05/2010 (Humboldt County) | $401,361.50 |
| Separate Income (1040) | 2007 | 3/14/2016 | 04/19/2016 (Humboldt County) | $162,006.58 |
| Separate Income (1040) | 2008 | 3/14/2016 | 04/19/2016 (Humboldt County) | $989,845.80 |
| Separate Income (1040) | 2009 | 3/14/2016 | 04/19/2016 (Humboldt County) | $260,466.59 |
| Separate Income (1040) | 2010 | 3/14/2016 | 04/19/2016 (Humboldt County) | $467,360.48 |
| Separate Income (1040) | 2011 | 3/14/2016 | 04/19/2016 (Humboldt County) | $394,105.79 |
| Separate Income (1040) | 2012 | 3/14/2016 | 04/19/2016 (Humboldt County) | $144,167.13 |
| Separate Income (1040) | 2013 | 3/14/2016 | 04/19/2016 (Humboldt County) | $743.84 |
| **Total** | | | | **$5,402,042.51** |

*Id*. at 6:3–20; Dkt. No. 48–1 (Decl. Revenue Officer Adam Morgan ¶ 22). The government alleges that despite timely assessment and demand for payment, Mr. Harding failed to pay $5,402,042.51 in outstanding tax liability. *Id*. at 5:27–6:2, 6:18–19.

On March 22, 2018, the government served Mr. Harding with the summons and complaint, Dkt. No. 12. The deadline for Mr. Harding to file an answer was April 12, 2018; he failed to do so. *Id*. On April 16, 2018, then again on April 17, 2018, the government moved for entry of default judgment. Dkt. Nos. 11, 16. On April 18, 2018, the Clerk entered default judgment in response to the government's second request. Dkt. Nos. 15, 17.

On May 20, 2019, after entry of default judgment, the government deposed Mr. Harding. Dkt. No. 48–2 (Decl. Rika Valdman at Ex. B). At the deposition, Mr. Harding refused to swear in or affirm his testimony would be truthful. *Id*. Mr. Harding also invoked his Fifth Amendment right throughout the deposition and refused to answer almost every question. *Id*. On July 1, 2019, Mr. Harding moved to set aside the entry of default against him, Dkt. No. 44, and on July 17, 2019, the Court denied his motion. Dkt. No. 46.

On March 27, 2019, the Board waived service of the summons and complaint. Dkt. No. 24–2 (Ex. Waiver Service Summons). The deadline for the Board to file an answer was May 25, 2018. *Id*. On July 27, 2018, after the Board failed to file an answer, the government moved for entry of default judgment against the Board. Dkt. No. 24. On July 30, 2018, the Clerk entered default judgment. Dkt. No. 25. The Board has not appeared or otherwise defended itself since the start of proceedings.

Now, the government moves this Court to enter default judgment against Mr. Harding and the Board. Dkt. No. 48 (Mot. Default J. at 1:23–2:2).

**LEGAL STANDARD**

Following the Clerk's entry of default, the Court may grant a motion for default judgment. Fed. R. Civ. P. 55(b)(2). It is within the district court's discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, when determining whether to enter default judgment, a district court must consider the following: (1) the

3

possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

After the Clerk enters default, all factual allegations pertaining to liability in the plaintiff's complaint are generally taken as true. *Tele Video Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, the factual allegations that pertain to damages are not taken as true. *Id*. The non-defaulting party must prove the sought relief. *See id*.

## DISCUSSION

### I. The *Eitel* Factors

As discussed below, the Court finds that a majority of the *Eitel* factors favor entry of default judgment against Mr. Harding and the Board.

#### A. Prejudice to the Plaintiff

The government argues it would be prejudiced without a default judgment against Mr. Harding because (1) he owes a substantial amount in tax liability and (2) the government's only recourse is to collect via default judgment. Mot. Default J. at 5:10–12. The government argues that since the Board might otherwise assert an interest in the property subject to the government's tax liens, it will also be prejudiced without a default judgment against the Board. *Id*. at 5:18–20.

The government is prejudiced when entry of a default judgment is the only means by which the government is able to collect the outstanding tax liability. *See United States v. Sanders*, No. 1:16-cv-00031-DAD-SAB, 2016 WL 5109939, at *3 (E.D. Cal. Sept. 20, 2016) (finding that there would be prejudice to the government in the absence of a default judgment because a default judgment was the only means by which the government would be able to collect the defendant's outstanding federal income tax liability).

4

1    The Court finds this factor weighs in favor of granting default judgment against Mr. Harding. For the same reasons, the Court also finds this factor favors granting default judgment against the Board.

### B. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The Court finds the government sufficiently alleges its claims against Mr. Harding and the Board. A plaintiff's complaint is sufficient when the "complaint has set forth facts to establish [1] the statutory authority to the bring [the] action, [2] the nature of the tax assessments and the monetary amounts at issue, and [3] that the statutory notice requirements for properly assessing tax liabilities have been met." *See Sanders*, 2016 WL 5109939, at *3 (finding that a complaint was sufficient because it alleged the Attorney General commenced the action, pursuant to 26 U.S.C. § 7401; the nature of the tax assessments and amount owed in outstanding tax liability; and the timely notice and demand for payment of tax liability provided to the defendant).

The complaint is sufficiently pleaded under the Internal Revenue Service's ("IRS") authority to collect unpaid federal tax liability from Mr. Harding. Mot. Default J. at 5:24–6:6. The claims against Mr. Harding are meritorious because the government submitted IRS Forms 4340, evidencing Mr. Harding's receipt of taxable income he did not report. *Id.* at 6:7–11, 7:9–10.

The claim against the Board is meritorious because the Board has not defended its interest in the property subject to the government's tax liens. *Id*. at 6:11–12. Also, as discussed above, the defendants received timely notice of the action.

### C. Sum of Money at Stake

In determining whether entry of default judgment is proper in light of the sum of money at stake, "the court must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. Dec. 22, 2002). There being a substantial sum of money at stake does not preclude entry of default judgment where the plaintiff tailors the amount at issue to the defendant's misconduct. *See United States v. Sundberg*, No. C–09–4085 EMC, 2011 WL 3667458, at *5 (N.D. Cal. Aug. 22, 2011)

5

1  (finding that an amount of $2,521,982.25 at stake, plus statutory interest, while substantial, did not
2  preclude an entry of default judgment because the amount represented the extent of the defendant's
3  tax liability).

4  The government concedes that the $5,420,042.51, plus interest, penalties, and statutory
5  additions it seeks to recover is "substantial," but argues default judgment is nevertheless proper
6  because the damages are amply proven. *Id*. at 8:17–20. The government further argues that
7  allowing Mr. Harding and the Board to evade default judgment solely because Mr. Harding's
8  liability is substantial, and where the Board has failed to appear or defend, is unjust. *Id*. at 8:22–24.

9  The Court finds the substantial nature of Mr. Harding's liability does not preclude entry of
10  default judgment against Mr. Harding and the Board. The government has properly tailored its
11  damages and provided detailed evidence in support thereof. Mot. Default J., Decl. Revenue Officer
12  Adam Morgan, Ex. 7.

### D. Possibility of Dispute Concerning Material Facts

Upon the Clerk's entry of default, all factual allegations within the complaint that pertain to liability are taken as true. *Tele Video Systems*, 826 F.2d at 917. The government also argues there is no possibility of a dispute because neither Mr. Harding nor the Board have thus far disputed the allegations in the complaint, despite numerous opportunities to do so. *Id*. at 9:10–12. The Court agrees.

### E. Whether Default Was Due to Excusable Neglect

There is no excusable neglect where the plaintiff serves the defendant with notice of the summons and complaint for the lawsuit. *See United States v. Sundberg*, No. C-09-4085 EMC, 2011 WL 3667458, at *5 (N.D. Cal. Aug. 22, 2011) (finding that the defendant's default was not due to excusable neglect because the plaintiff served the defendant with the summons and complaint, but the defendant failed to answer or respond).

Here, the government properly notified Mr. Harding and the Board of the present action, and Mr. Harding even sat for a deposition and moved the Court to set aside the Clerk's entry of default

against him. Mot. Default J. at 9:17–20. The government also stated during the November 8, 2019 hearing that it served the instant motion for entry of default judgment on Mr. Harding and he did not appear, oppose, or otherwise acknowledge the motion. The Court finds the default of Mr. Harding and the Board was not due to excusable neglect.

### F. Policy Favoring Decisions on the Merits

It is well-settled policy that "[c]ases should be decided on the merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "[w]hen a defendant's failure to defend precludes a decision on the merits, . . . default judgment is appropriate." *United States v. Wilson*, No. 1:13–cv–01385–LJO–SMS, 2014 WL 1841309, at *3 (E.D. Cal. May 7, 2014). The government argues a default judgment against Mr. Harding and the Board is proper because the two have failed to appear and defend. Mot. Default J. at 10:4–7. The Court agrees.

## II. Damages

"It is settled in this circuit that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made." *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (quoting *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992)). The government has submitted detailed IRS Forms 4340 and an accompanying affidavit from a Revenue Officer evidencing Mr. Harding owes $5,420,042.51, plus interest, penalties, and statutory additions in unreported and unpaid federal joint income tax liability. Dkt. No. 48–1 (Decl. Revenue Officer Adam Morgan at Ex. 7). Thus, the Court finds the requested damages are well supported and shall be awarded.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby enters default judgment against defendants Alfred Harding and the California Franchise Tax Board.

The Court finds the government entitled to recover $5,420,042.51, plus interest, penalties,

and statutory additions, from July 31, 2019 from Mr. Harding.

The Court also orders that the California Franchise Tax Board be bound to the June 28, 2019 settlement agreement between the United States and Cheryl Harding, and that the Board may not hereafter assert an interest in the property detailed in paragraphs 13 and 19 of the complaint. Dkt. No. 1.

**IT IS SO ORDERED**.

Dated: November 12, 2019

SUSAN ILLSTON
United States District Judge